**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

KINESHIA COLLINS and
FRANK HENDERSON,

      PLAINTIFFS,

vs.

BIRMINGHAM CABLE, INC.,
et al.,

      DEFENDANTS.

**ENTERED**

`DEC 16 1998`

CASE NO. CV 98-J-155-S

FILED
98 DEC 16 PM 12: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## MEMORANDUM ORDER

This action is before the court on the plaintiffs' motion to remand this case to the Jefferson County Circuit Court (doc. 9). The court has reviewed this motion.

This action purports to assert claims on behalf of a class of individual plaintiffs who have been charged "late fees" by their respective cable suppliers. The plaintiffs have sued four separate defendants, asserting that they provide cable services within the state of Alabama and specifically in Jefferson County. The plaintiffs assert that they have been charged excessive amounts as "late fees" for overdue cable bills. Defendant American Television and Communications Corporation ("ATC") alleges that it was improperly joined with the other defendants and, on that basis, filed a notice of removal (doc. 1) to this court alleging diversity existed, under 28 U.S.C. section 1332, amongst other grounds.

Section 28 U.S.C. section 1332 requires complete diversity between all parties and all defendants and that the controversy in question involve more than $75,000.00, exclusive of interest and costs. See 28 U.S.C. sections 1332 and 1441(b)("Any other such action shall

17

be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); see also *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996).

While defendant ATC alleges in its notice of removal that it was improperly and fraudulently joined with the other named defendants, this court notes that those defendants did not join in the notice of removal nor file their own notices for the same. As such, the court finds that no defendant other than ATC is properly before this court.[1]

The other requirement for diversity actions to be removed under 28 U.S.C. section 1332 is that the amount in controversy exceed $75,000.00. While this court is mindful that the plaintiffs allege compensatory damages in the amount of $10,000,000.00 in their complaint, the court also notes that no claim for punitive damages is made. As the Hon. T. Michael Putnam calculated in his opinion in *Patterson v. Time Warner, et al.,* CV-97-TMP-2915-S, footnote 8, at the rate of $5.00 per month, a plaintiff would have to be charged the late fee for 15,000 months, or over 1,250 years, to reach the jurisdictional amount. Thus, the defendant is unable to prevail in its burden to establish to a legal certainty that "the plaintiff would not recover less than [$75,000.00] if [he or] she prevailed. See *Tapscott,* 77 F.3d at 1356, citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

---

[1]For reasons made clear below, this court finds that even if fraudulent joinder was found, the defendants have not met their burden of proof upon removing this case to federal court based upon diversity jurisdiction and therefore will leave the question of proper or improper joinder for the Circuit court of Jefferson County to decide upon remand.

Undisputedly, the plaintiffs individual claims for compensatory damages may not be aggregated. See e.g. *Snyder v. Harris*, 394 U.S. 332, 336, 89 S.Ct. 1053, 1057, 22 L.Ed.2d 319 (1969).

While this court is cognizant that the plaintiffs have requested injunctive relief, and that the leading case in the Eleventh Circuit on the assessment of the value of injunctive relief for purposes of meeting the jurisdictional amount is *Ericsson GE Mobile Communications, Inc., v. Motorola Communications & Electronics, Inc.,* 120 F.3d 216, *reh'g denied,* 130 F.3d 446 (11th Cir..1997), this court finds that nowhere in the defendant ATC's notice of removal does it allege any amount in controversy, nor argue that the value of injunctive relief must be considered by this court is assessing diversity jurisdiction. Thus, this court finds that defendant ATC has not even made the barest showing that the amount in controversy meets this court's jurisdictional minimum. See *Tapscott v. MS Dealer Service Corp.*, 77 F.3d at 1353 ("A removing defendant has the burden of proving the existence of federal jurisdiction).

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs' motion to remand. It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Marion County from whence it was removed.

**DONE** this the ___*/6*___ day of December, 1998.

Inge P. Johnson
United States District Judge

3